[Sac. No. 921.   Department Two. — September 10, 1901.]

EDWARD SCHIRMER, Respondent, v. L. P. DREXLER
et al., Appellants.

WATER RIGHTS — INJUNCTION — PLEADING — PRESCRIPTIVE TITLE — FIND-
INGS OUTSIDE OF ISSUES — JUDGMENT ENFORCING CONTRACT. — In an
action to enjoin interference with the water rights of the plaintiff,
where the sole theory of the complaint was that the plaintiff had
acquired a prescriptive title to the water rights by adverse user, but
the findings and decree were wholly outside the issues tendered,
and were based solely on the theory that the plaintiff's user of the
water and ditch was with the consent of the owners, and under an
oral license and agreement, which is specifically enforced by the
judgment, the judgment cannot be upheld, and must be reversed.

ID. — FAILURE TO PROVE COMPLAINT — INCONSISTENT CASE IN PROOF —
FAILURE TO OBJECT TO VARIANCE — NON-WAIVER. — Where the
plaintiff wholly failed to sustain the burden of proof as to the alle-
gations of his complaint, and proved an inconsistent case, going to
show that the case alleged did not exist, the failure of the defend-
ant to object to such proof cannot be deemed a waiver of the
variance, so as to support findings and a decree for the plaintiff
upon the inconsistent case not alleged.

ID. — RECOVERY LIMITED TO CAUSE OF ACTION ALLEGED. — A plaintiff
can only recover upon the cause of action alleged, and not upon
some other cause of action which may be developed by the proofs.

APPEAL from a judgment of the Superior Court of Butte
County and from an order denying a new trial. John C.
Gray, Judge.

The facts are stated in the opinion.

Jo D. Sproul, F. C. Lusk, W. H. H. Hart, and Aylett R. Cot-
ton, for Appellants.

R. C. Long, and George E. Gardner, for Respondent.

GRAY, C. — This action was brought to obtain an injunction
against further interference with certain water rights of plain-
tiff and for damages for previous interferences. The defend-
ants appeal from a judgment in plaintiff's favor and from an
order denying a new trial.

The complaint alleges title and possession in plaintiff of
certain described tracts of land, and "that for more than
sixteen years last past, and up to the time of filing the com-

plaint herein, the plaintiff, Edward Schirmer, and his grantor, have been, and he is now, the owner and in the possession of . . . the right to use thereon, for irrigating and mining the same, twenty inches of the water flowing in that certain stream situated in said county and known as 'Big Butte Creek.'" Then follows a long statement of facts, all intended to show that plaintiff had acquired a title to the water in controversy by the original appropriation thereof by his predecessors in interest, and the subsequent continuous adverse use thereof for sixteen years, and down to the commencement of this action. The allegations of the complaint also seem to tend in the direction of showing that plaintiff is the owner of an interest in a certain ditch and flume by reason of succeeding to the interest of one of the original constructors thereof, but the complaint contains no direct averment that plaintiff owns any of the ditches or the flume referred to therein, or that he owns any interest or right in either. The complaint also alleges that at frequent times during the sixty days immediately preceding the bringing of the action, the defendants had diverted the water from said flume and ditches, without any right so to do, and had deprived plaintiff of the use thereof, to his damage in the sum of eight hundred dollars. The complaint concludes with a prayer for said damages, and for an injunction compelling defendants to remove the dams they had placed in the ditch, and refrain from further interfering with the flow of the water therein.

The answer contains specific denials of the allegations of the complaint, together with affirmative allegations showing the title to the said water and ditch to be in the defendant L. P. Drexler.

The findings in the case, with reference to the various interests and rights in the said ditch and waters, are as follows: "That in the year 1876 the defendant James W. Peters and John Christy cleaned out and put in order, so that water could be run through, what was known as the Burson ditch, which headed in Butte Creek, on the westerly side thereof, and conducted the waters down to the point of diversion referred to in the pleadings, where the Cable ditch and flume conveyed it across Butte Creek to the ranch of the plaintiff, at which place it was used for mining purposes, off and on, till the year 1883, when it began to be used for household and irrigation purposes, which uses continued uninterruptedly, with the consent

of the owner thereof, until some time in June, 1899, when the defendant L. P. Drexler dammed up plaintiff's ditch, and deprived him of the further use of said water; the Burson ditch was held by Peters and Christy, as partners, for about two years, when Christy sold his half to one Browning, and the latter and Peters were equal partners in it for about two years, when they quarreled, and Browning sold his half to one Isom De Long, and De Long and Peters used and were the owners of the ditch and the water right until March or April, 1881, when Peters claimed that De Long owed him (Peters) some sixty dollars for work done on the ditch in repairing it, and refused to let him have anything to do with the property till that sum was paid, and thereupon De Long gave the grantor of plaintiff all of his (De Long's) interest in and to the water right and ditch, and Cable, plaintiff's grantor, used a portion of the water during the summer and winter of 1881–82 in mining; that in the fall of 1882 the said Cable moved from the place and abandoned the ditch, and did not return to the lands of plaintiff till some time in the fall of 1883, at which time he purchased the interest of one Christopher C. Maltby in and to said real estate, being the real estate set out in plaintiff's complaint, and the following winter began to set out the orchard described in the complaint, and during that season planted at least five hundred trees, and continued to plant others, year by year, until he had an orchard containing the number of trees enumerated in the complaint; that in order to raise these trees it was necessary that they should be frequently irrigated, and without irrigation they would neither root nor grow; that, under an agreement made by the said Frank L. Cable with said James Peters, at or about the time said orchard was planted, the said Cable was to have all the water necessary for household purposes, and for the irrigation of such orchard as he, Cable, had or might set out, on condition that he, Cable, should assist in cleaning out the ditch each year, and that in pursuance of such agreement the said Cable planted said orchard, received said water, year after year, until June, 1899, and after the work of cleaning the ditch for that year had been performed by Cable, when defendant L. P. Drexler shut off the water running to the orchard of this plaintiff, as charged in the complaint; that by reason of obstructing the flow of said water to the lands of plaintiff, as aforesaid, the

orchard of plaintiff ceased to bear fruit, and a number of the
trees died, and he has been damaged in the sum of $450, and
if the obstruction is maintained during another fruit season,
the entire orchard will be destroyed and rendered of no value;
that on the seventeenth day of March, 1888, the said James
W. Peters sold and conveyed to the defendant L. P. Drexler
the said Burson water-ditch and water right, being the same
ditch taken up and cleaned out by him and Christy in 1876,
reserving to himself the right to use sixty inches, but not to
sell the same to any other person for any purpose; that at the
time of said sale by Peters to Drexler, the said Cable, plaintiff's
grantor, was using the water to the extent of ten inches, at
least, the same being diverted from the main ditch by the
Cable ditch, and conducted to the residence and orchard of
the said Cable for household and irrigation purposes, and
thereafter continued to use the same for said purposes, year
after year, until June, 1899, with the knowledge of the said
defendant Drexler, during which time the said Cable yearly
performed on said ditch the same, or about the same, amount
of work in cleaning it out and assisting in keeping it in repair
that he had done before the sale was made by Peters to Drex-
ler; . . . that the said Cable ditch and flume carries and has
carried for many years last past—to wit, more than twenty
years—at least ten miner's inches of water, measured under a
four-inch pressure, and the same have been put to a useful
purpose, and it requires that number of inches to successfully
raise said orchard on plaintiff's said land and to supply the
house with water for domestic purposes. . . . I further find
that some time in winter of 1881–82, Frank L. Cable, the
grantor of plaintiff, was the owner of the undivided one half
of the Burson ditch; that he left Butte Creek, where the ditch
is, and went away, uncertain as to whether or not he ever
would return, but did return in the fall of 1883, and with the
permission of James W. Peters used the water of the Burson
ditch, diverted by means of the Cable ditch and flume, and
taken to the east side of Butte Creek, to plaintiff's premises
described in the complaint, to plant and raise the orchard set
forth in plaintiff's complaint, paying for said water by labor
performed in cleaning out and keeping in repair said Burson
ditch, to the extent of an average of two weeks' work yearly,
down to and including the year 1899, and that after he had

paid for the water of 1899, the same was prevented from running to the lands of plaintiff by the defendant Drexler, under the pretense that his orchard required all that was running in the ditch; that if the defendant is permitted to maintain his obstructions to the flow into the Cable ditch and flume, the property of plaintiff will be entirely destroyed, and his place unfit for habitation."

Upon these. findings the court gave plaintiff judgment for $450 damages, and decreed as follows: "That the plaintiff have at all times the free and uninterrupted use of ten inches of the water flowing in the Burson ditch, to be diverted at the place and in the manner heretofore diverted, *on the payment of a reasonable compensation therefor yearly;* that the defendants, and each and every of them, and also their agents, attorneys, employees, and all persons acting under, by, or through them, or either of them, are hereby forever restrained, enjoined, and prohibited from interfering in any manner with either of said ditches or flumes, or the water flowing therein, so as to in any manner prevent or hinder the flow of said water to the lands of plaintiff, to the extent of ten inches."

Waiving such minor defects in the foregoing findings as their failure to show any transfer of anything by Cable to the plaintiff, and their consequent failure to show that plaintiff ever acquired any interest in the alleged contract or arrangement between Cable and the defendant Peters, upon which the decree in said plaintiff's favor seems to be based, we will proceed at once to the proposition in the case which strikes us with the greatest force. The findings and decree seem to be entirely outside of the case made by the pleadings. The said findings and decree contradict the material allegations of plaintiff's complaint, and there seem to be no allegations at all in the complaint to which the findings and decree can be held to be material or pertinent. The whole theory of the complaint is, that the plaintiff's rights are those of an owner, acquired by adverse use of the ditch and the water. The findings and decree proceed upon an entirely different theory, and expressly state that the use of the water and of the ditch by plaintiff and his predecessor in interest therein was had with the consent of the owners thereof and under an oral license or agreement therefor. The decree attempts to enforce the specific performance of a contract which is not only not set up in the

complaint, but to which no reference is made anywhere in the pleadings. We know that there are cases which hold, as contended by respondent, that where a question is treated by both parties as an issue in the case, and evidence is taken thereon without objection, the appellant will not thereafter be heard to say that the question was not in issue. That is a salutary general rule, and we do not wish to overturn it. But in none of those cases, that we have been able to find, were the findings and decree clear outside of the case as made by the pleadings, but in each and all of them the findings, taken all together, have some relation to the issues as framed; but here the issues as made by the pleadings sustain no degree of kinship whatever to the findings and decree, and are, besides, in direct conflict with the allegations of the complaint. It would be going too far to hold that such a variance as this should be deemed to be waived by failure to object to evidence at the trial. If the burden was on the plaintiff to establish the case made by his complaint, why should the defendants object to evidence, as long as it went to show that the case as thus made did not exist? If this kind of a judgment can be upheld on this kind of a record, then written pleadings are no longer necessary, and may well be dispensed with altogether.

As supporting the position we here take, we cite as follows: *Dobbs* v. *Purington*, XXII Cal. Dec. 245; *Wallace* v. *Farmers' Ditch Co.*, 130 Cal. 578; *Reed* v. *Norton*, 99 Cal. 617; *Murdock* v. *Clarke*, 59 Cal. 683; *Green* v. *Chandler*, 54 Cal. 626; *Morenhout* v. *Barron*, 42 Cal. 605. In *Riverside Water Co.* v. *Gage*, 108 Cal. 240, speaking of a waiver by failure to object to evidence on the trial, in this connection the court says: "This rule, however, has no application in a case where, at the trial, evidence is introduced which is outside of any issue which is presented by the pleadings." "A plaintiff must recover, if at all, upon the cause of action set out in the complaint, and not upon some other which may be developed by the proofs." (*Reed* v. *Norton, supra.*)

Several other points are made by appellants on questions of law, and the sufficiency of the evidence in several particulars is also challenged; but as it is impossible to determine from the record before us what form the case will take upon another trial thereof, we deem it unnecessary to determine any further question in the case.

We advise that the judgment and order appealed from be reversed, with directions to the court below to permit the parties to amend their pleadings if they be so advised.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, with directions to the court below to permit the parties to amend their pleadings if they be so advised.

McFarland, J., Temple, J., Henshaw, J.