### JOSHUA NEMOITIN vs. JACOB BERGER.

Third Judicial District, New Haven, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 22d—decided March 3d, 1930.

*Thomas R. Robinson,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellant (defendant).

*Abraham Reback,* with whom, on the brief, was *John L. Reback,* for the appellee (plaintiff).

MALTBIE, J. The plaintiff, an elderly man, and his wife, were invited by the defendant to ride home from a beach in the latter's automobile. The defendant opened the rear door of the car and they entered. The plaintiff's wife had seated herself upon the right side

of the car. While the plaintiff was taking his place upon the seat upon the left, the defendant, who had taken his position behind the driving wheel, noticed that the rear door of the car was still open. Without looking to see the position of the plaintiff he reached back and slammed it. Two fingers of the plaintiff were caught between the rear part of the door and the jamb of the body frame and severely injured. The trial court gave judgment for the plaintiff and the defendant has appealed.

The complaint stated the case as one falling within the terms of our statute permitting a recovery by a guest in an automobile only when the accident causing the injury is intentional or caused by the heedless and reckless disregard of the rights of others; Public Acts of 1927, Chap. 308; the trial court based its decision upon the statute; and the record does not in any way indicate a claim at the trial that the statute was unconstitutional. We therefore disregard the plaintiff's claim made upon the appeal that this is so. *Rindge* v. *Holbrook, ante,* p. 72, 149 Atl. 231. The statute provides that no person "transported by the owner or operator of a motor vehicle as a guest" without payment shall be entitled to recover for an injury except in accordance with its terms. When the plaintiff entered the car to take his place for the purpose of immediate transportation he came within the purview of the statute; he had then put himself under the care of the defendant and his actual relationship as guest toward the defendant had begun; and that the automobile had not started to move is not a controlling circumstance. *Donovan* v. *Hartford Street Ry. Co.,* 65 Conn. 201, 214, 32 Atl. 350. Applying the statute to the facts of the case we do not see how a conclusion could be reasonably reached that the accident was due to a heedless and reckless disregard of the rights of the

plaintiff. *Bordonaro* v. *Senk,* 109 Conn. 428, 430, 147 Atl. 136; *Ascher* v. *Friedman, Inc.,* 110.Conn. 1, 147 Atl. 263. It is true that the conduct of the plaintiff could not constitute such contributory negligence as would defeat an action under the statute; *Grant* v. *MacLelland,* 109 Conn. 517, 521, 147 Atl. 138; still it would be natural for the defendant to assume that the plaintiff would not place his hand in a position of such obvious danger.

There is error, the judgment is reversed and the City Court of Stamford directed to enter judgment for the defendant.

In this opinion the other judges concurred.