HUNTER v. BALDWIN.

1. Motor Vehicles—Car in Gear—Cranking—Duty of Operator.
   Operator of motor vehicle owes duty to one he asks to crank his car not to leave same in gear.

2. Same—Cranking Car in Gear.
   One asked to crank a motor vehicle has a right to rely on driver having car in control and is not bound to anticipate it would be in gear.

3. Negligence—Contributory Negligence.
   Contributory negligence is not imputable to any person for failing to look out for danger when, under the surrounding circumstances, he had no reason to suspect that danger was to be apprehended.

4. Motor Vehicles—Construction of Statutes—Guest Act.
   Statute known as guest act, restricting liability of owner or operator of motor vehicle for injury, death or loss to guest to such accidents as are caused by gross negligence or wilful and wanton misconduct of owner or operator, being in derogation of the common law, must be strictly construed (1 Comp. Laws 1929, § 4648).

5. Same—Guests—Car in Motion.
   It is not necessary that motor vehicle be actually in motion in order for one to be a guest therein.

6. Same—Payment by Passenger.
   Not everyone riding in a motor vehicle without payment is a guest.

7. Same—Cranking Car.
   Plaintiff who cranked automobile at request of operator before re-entering car after absence of several hours *held*, not a guest within meaning of 1 Comp. Laws 1929, § 4648, known as guest act, so as to relieve owner of car from liability for plaintiff's injuries suffered when car ran over him.

8. DAMAGES—PERSONAL INJURIES TO FARMER—MEASURE OF DAMAGES.
Measure of damages for personal injuries sustained by man who
owns and works his own farm is the value, in the open market,
of the services which he had been able to perform before the
injury and was, thereafter, unable to perform.
WIEST and BUTZEL, JJ., dissenting.

Appeal from Tuscola; Smith (Henry H.), J. Submitted April 17, 1934. (Docket No. 112, Calendar No. 37,762.) Decided June 21, 1934.

Case by Walter N. Hunter against Eber Baldwin and Anna Baldwin for personal injuries received while cranking an automobile. Judgment for plaintiff. Defendant Anna Baldwin appeals. Affirmed.

*George W. DesJardins* and *Eugene E. Johnson,* for plaintiff.

*Elbern Parsons,* for defendant Anna Baldwin.

EDWARD M. SHARPE, J.   September 9, 1930, the plaintiff, a farmer of the age of 40 years, was driven from his home to the village of Kingston, a distance of about three and a half miles, by the defendants in a Chevrolet auto owned by the defendant Anna Baldwin and driven by her stepson, defendant Eber Baldwin. While in town all parties attended to some business which took two or three hours. As they were about to return home, the defendant Anna Baldwin was seated in the rear seat of the car and the defendant Eber Baldwin was seated behind the steering wheel. Plaintiff was standing beside the car. When the motor failed to start by the use of the starter, the defendant Eber Baldwin gave plaintiff the hand crank, requesting him to crank the engine. Plaintiff inserted the crank in its proper place, but in doing so it was necessary for plaintiff

to put one foot and leg inside the front bumper. The car was in gear and, upon being cranked, immediately started forward up over the curb where it was parked and pushed plaintiff against a building and under the car, causing him serious personal injuries.

Plaintiff sued both the owner and the driver of the car. A default judgment was taken as to defendant Eber Baldwin. Upon the trial a judgment was found for the plaintiff in the amount of $1,909. Defendant Anna Baldwin appeals.

Plaintiff claims that he was not familiar with gear shift cars such as the one in question and does not know how they operate; that as a result of the injuries sustained through defendants' negligence, he has a permanent disability of 30 per cent. Defendant claims that plaintiff was guilty of contributory negligence in not ascertaining that the gear shift of the car was in neutral; that the plaintiff was transported as a guest within the meaning of 1 Comp. Laws 1929, § 4648, commonly known as the guest act; that the court erred in permitting the plaintiff to testify as to his loss of earnings since plaintiff was engaged in farming on his own account.

When defendant Eber Baldwin handed the crank to plaintiff and asked him to crank the car, he knew the position plaintiff was in and he also knew that if the car was left in gear when the engine started the car would move and likely injure plaintiff. Defendant Eber Baldwin owed plaintiff a duty that he failed to observe. The plaintiff had a right to rely on the driver of the car having his car in control and was not called upon to anticipate that the driver would have his car in gear while it was being cranked.

''Contributory negligence is not imputable to any person for failing to look out for danger when, under the surrounding circumstances, he had no reason to suspect that danger was to be apprehended.'' *Corey* v. *Hartel,* 216 Mich. 675, 679.

The guest act (1 Comp. Laws 1929, § 4648) reads:

''Provided, however, that no person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought.''

This statute, being in derogation of the common law, must be strictly construed. *Rogers* v. *Kuhnreich,* 247 Mich. 204.

Several other States have guest acts similar to that in Michigan which the courts of those States have been called upon to construe. It has been held that it is not necessary that the car be actually in motion in order for one to be a guest therein. Under the Connecticut statute, which is identical with that of Michigan, a plaintiff who had entered the car at the invitation of the driver was held to be a guest so as to prevent recovery for injury to plaintiff's fingers caused by the driver slamming the car door before starting the engine. *Nemoitin* v. *Berger,* 111 Conn. 88 (149 Atl. 233).

On the other hand, not everyone riding in a car without payment is a guest. A prospective purchaser of the automobile is not a guest within the guest act. *Crawford* v. *Foster,* 110 Cal. App. 81

(293 Pac. 841). Accord, *Bookhart* v. *Greenlease-Lied Motor Co.,* 215 Iowa, 8 (244 N. W. 721). Likewise, a child riding in a school bus is not a guest. *Smith* v. *Fall River Joint Union High School District,* 118 Cal. App. 673 (5 Pac. [2d] 930). In *Kruy* v. *Smith,* 108 Conn. 628 (144 Atl. 304), it was held that whether plaintiff, who was being transported by defendant to defendant's house to work as a laundress, was a guest was a question for the jury and a directed verdict for defendant was reversed. Where plaintiff had been hired by defendant's agent to work on defendant's farm and was being transported to such work by defendant at the time of the injury, the court refused to reverse a finding of the jury that plaintiff was not a guest within the meaning of the guest act. *Russell* v. *Parlee,* 115 Conn. 687 (163 Atl. 404).

While Massachusetts has no guest act, the courts of that State have evolved a guest rule by judicial decision. However, they have held that one who is a passenger for the mutual benefit of both parties is not a "guest." In *Lyttle* v. *Monto,* 248 Mass. 340 (142 N. E. 795), a nine-year-old boy had been requested by the driver of a delivery truck to show him to a certain address. The court allowed the boy to recover for personal injuries on the ground that he was not a guest. In *Jackson* v. *Queen,* 257 Mass. 515 (154 N. E. 78), a purchaser of goods who had been requested by the vendor to guide the deliveryman to the place of delivery was held not subject to the rule preventing recovery for personal injuries by a guest passenger. *Labatte* v. *Lavallee,* 258 Mass. 527 (155 N. E. 433), held that one who accompanied defendant on a business call at the latter's request for the purpose of advising defendant was not a guest in defendant's car.

The guest act was passed to protect owners and operators from liabilities while carrying passengers gratuitously, the theory being that the benefit was entirely for the passenger. However, in this case we find that the plaintiff was injured while performing an act for the benefit of the owner or operator and at the latter's request.

While this is a case of first impression, we are constrained to hold that when plaintiff left the car upon arrival at the village of Kingston and remained away from it for a period of two or three hours, he ceased to be a guest passenger and that while in the act of cranking the car at the request of the operator of the car he had not resumed the position of that of a guest passenger.

Defendant next contends that plaintiff's damage, if any, should be computed upon loss of profits rather than upon the basis of loss of earnings. This is not the rule. This court has said in an action for personal injuries to a man who owned and worked on his own farm:

"The true measure of plaintiff's loss is the value, in the open market, of the labor and services which he had been able to perform before the injury and was, thereafter, unable to perform." *Gleason* v. *Lowe,* 232 Mich. 300, 309.

To the same effect is *Seabury* v. *Railway,* 194 Mich. 423, 426.

To say that the measure of damages is the loss of profit on the farm would be practically to deny any damages whatever, for as a general rule loss of profits is too speculative to be permitted as a measure of damages.

Judgment affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and NORTH, FEAD, and BUSHNELL, JJ., concurred with EDWARD M. SHARPE, J.

Wiest, J. (*dissenting*). Plaintiff was a guest on the trip to town, was present as such for the return trip and remained a guest in the operation of the car toward making the return trip, whether in or out of the car. Wanton or wilful negligence was not shown.

The judgment should be reversed, with costs to defendant.

Butzel, J., concurred with Wiest, J. Potter, J., did not sit.