[Civ. No. 12643. Second Appellate District, Division Two.—December 5, 1940.]

REAH FRANKENSTEIN, Appellant, v. HENRY G. HOUSE, Respondent.

Victor Ford Collins and William Manns for Appellant.

Parker & Stanbury, Harry D. Parker and Vernon W. Hunt for Respondent.

MOORE, P. J.—Plaintiff appeals from a judgment sustaining a demurrer to the first and second counts of her complaint without leave to amend. The third count was excepted from said ruling but it was subsequently dismissed on motion of plaintiff.

The charging part of the first count is contained in paragraphs 1 and 2, which are as follows:

"I

"That on or about the 29th day of March, 1938, plaintiff was invited by defendant to go for a ride in his Buick automobile. That plaintiff is an elderly woman of the age of seventy years and is unfamiliar with the operation of automobiles. That at said time defendant drove said automobile, which plaintiff was an occupant thereof, to 814 Bonnie Beach Street, in the city of Los Angeles, County of Los Angeles, State of California, parked said automobile on a steep hill in front of said address and brought said automobile to a complete stop. That subsequently and after the aforementioned ride had ceased, defendant did negligently and carelessly leave said automobile unattended while plaintiff was an occupant in the rear seat thereof.

"II

"That as a direct and proximate result of said carelessness and negligence of the defendant, as aforesaid, said automobile rolled down the hill on said Bonnie Beach Street, causing plaintiff to be violently thrown and hurled from said automobile to the street."

The charging part of the second count consists of paragraph II of the first count by adoption and paragraph II of the second count, which is as follows:

"II

"That on or about the 29th day of March, 1938, plaintiff was an occupant of a Buick automobile owned by defendant. That plaintiff is an elderly woman of the age of seventy years and is unfamiliar with the operation of automobiles. That at said time, and while said car was parked on a steep hill on Bonnie Beach street, in the city of Los Angeles, county of Los Angeles, state of California, defendant did negligently and carelessly fail to set the brakes and gears on said automobile, and did carelessly and negligently leave the same unattended while plaintiff was an occupant in the rear seat thereof".

Section 403 of the Vehicle Code, in effect at the time plaintiff received her injuries as alleged in subsequent parts of her complaint, reads as follows: "No person who as a

guest *accepts a ride in any vehicle upon a highway* without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest *during such ride,* unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver''.

The only questions before this court are: (1) Did the court err in sustaining the demurrer without leave to amend, and (2) was it abuse of discretion to deny plaintiff the privilege of amending her complaint?

From the allegations quoted, it is made clearly to appear that the plaintiff accepted defendant's invitation to ride as his guest and entered his car; that in the course of the ride defendant stopped his car on a hillside and absented himself; that plaintiff remained in the car and that during defendant's absence the car rolled down the hillside, causing plaintiff to be thrown therefrom. Having placed herself under his care for a ride in his vehicle, and having remained therein until she was thrown therefrom ''on the highway'', the relation of host and guest continued at all times from her entry into the automobile until she was thrown to the street. A fair interpretation of the pleading impels the conclusion that defendant's absence from the car was temporary and a part of the course to be pursued on the ''drive''.

The nearest approach to the facts of this case that has been called to our attention is found in the cases of *Nemoitin* v. *Berger,* 111 Conn. 88 [149 Atl. 233], and *Head* v. *Morton,* 302 Mass. 273 [19 N. E. (2d) 22], in which the Supreme Courts of Connecticut and Massachusetts emphasized that a person in the situation occupied by plaintiff herein at the time of her injuries is a guest. In the Nemoitin case, the defendant had invited plaintiff to ride home from the beach in defendant's car. He opened the rear door and while plaintiff was entering and taking his seat the defendant took his position at the steering wheel. Upon observing that the rear door was open, defendant carelessly reached back and slammed the door to upon the fingers of plaintiff. Under the guest statute of Connecticut plaintiff was a guest

and not entitled to recover damages in the absence of intentional or reckless disregard of his rights as such.

In the Head case, defendant called at a drugstore for plaintiff and another lady to convey them to plaintiff's home. Upon stopping at the sidewalk plaintiff assisted her companion to enter the car and then attempted to enter herself, when defendant suddenly started the car forward, which movement caused the rear door to knock the plaintiff down. The highest appellate court of Massachusetts held that plaintiff was a guest at the moment of the accident and was not entitled to recover and that the real test as to the rights of a person to recover under such circumstances was to determine whether a gratuitous ride of the plaintiff had begun at the time of the injury.

In view of the language of section 403 of the Vehicle Code, it appears to have been the intention of the legislature that a person becomes a guest of the driver of an automobile when he has accepted a ride in a vehicle upon a highway without giving compensation therefor. Plaintiff herein did not become a pay passenger or a trespasser at any time after entering defendant's car. She remained therein at the time it was parked on Bonnie Beach Street solely for the purpose of continuing her ride on defendant's return. She conferred no material favor and paid no price for the courtesy extended to her. She was his guest to the same extent as if defendant, in a moment of frenzy, had leaped from the car as it rolled down the precipitous street.

The cases cited by plaintiff (*Moreas* v. *Ferry*, 135 Cal. App. 202 [26 Pac. (2d) 886], *Prager* v. *Israel*, 15 Cal. (2d) 89 [98 Pac. (2d) 729], *Puckett* v. *Pailthorpe*, 207 Iowa, 613 [223 N. W. 254], *Samuelson* v. *Sherrill*, 225 Iowa, 421 [280 N. W. 596], *Hunter* v. *Baldwin*, 268 Mich. 106 [255 N. W. 431], and *Fone* v. *Elloian*, 297 Mass. 139 [7 N. E. (2d) 737]) are not in point. Each of these cases arose by reason of some negligence on the part of the defendant before the guest relation had commenced or after it had ceased, or where the vehicle was not "upon the highway" and "during such ride", or where the relationship had never been contemplated. As long as a person, without compensation to the driver, has entered a car upon the invitation of such driver and remains "in the vehicle upon a highway", "during such ride" (sec. 403) he is a guest and cannot recover

damages for the simple negligence of the host. The demurrer to the complaint was correctly sustained.

The court properly denied leave to file an amended complaint. No substantial changes in the pleading were proposed. After the word "defendant" in the last sentence of paragraph I of the first count, plaintiff proposed to insert the following as her amendment to the complaint, to wit: "knowing that plaintiff was unfamiliar with the operation of automobiles, and knowing that said automobile was in a dangerous position on account of the steep hill on which said automobile was standing". She likewise proposed that the same words be inserted in paragraph II of her second count. The proposed language constituted no substantial amendment. Consequently there was no abuse of discretion by the trial judge.

The judgment is affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 3, 1941. Carter, J., voted for a hearing.