[Civ. No. 2834. Fourth Dist. June 27, 1942.]

F. CARLETON SMITH, et al., Respondents, v. CLARA H. POPE, Appellant.

Dempster McKee for Appellant.

Clarence Harden for Respondents.

GRIFFIN, J.—This is an appeal from a judgment in favor of plaintiffs and respondents, husband and wife, rendered by the court sitting without a jury against Clara H. Pope, defendant and appellant, for damages for personal injuries. The question involved turns on the construction of the so-called "guest statute." (§ 403 Veh. Code.)

The facts of the case are not in dispute. The trial court specifically found as to the facts. We will therefore summarize them as found by the court. The injuries received by respondent Margaret D. Smith occurred on May 10, 1940, just before she entered an automobile driven by appellant. Appellant had arranged by telephone to take Mrs. Smith, without compensation, to a luncheon to which both women had been invited. Upon her arrival at the Smith home Mrs. Pope stopped her car at the curb. Mrs. Smith came out of her front door and walked toward the Pope car. The car was parked on the left or wrong side of the street, with the engine running and in gear. The driver remained seated in the car which was parked next to the sidewalk curb. Mrs. Smith went around the front end of the car and took hold of the handle of the door of the car opposite the driver's seat. Mrs. Pope is a short woman and, for convenient operation of the car, had attached to the clutch pedal an extension, the better to enable her to depress the clutch pedal and bring the car to a stop without shifting gears. On this occasion she operated the car in this fashion. She was wearing new shoes, the soles of which were slippery. The evidence indicates that Mrs. Pope reached across the car, unlatched the door which Mrs. Smith was approaching, and was in the process of opening it, or had opened it, when Mrs. Smith took

hold of the handle of the door. Mrs. Pope's foot slipped off the clutch pedal just as Mrs. Smith grasped the door handle, causing her body to be thrown against the ground. At the instant when she had one foot on the ground, one foot in the air, but not yet on the running board and while she still had the handle of the car door in her grasp, the car jerked forward and Mrs. Smith was thrown thereby to the ground with resultant injuries. This act was found by the court to have been an act of negligence. It is conceded that this act of negligence did not constitute wilful misconduct permitting a recovery under the guest law. The injuries suffered were quite severe. Mrs. Smith's hip was broken. An operation became necessary and her recovery was slow. The court assessed the general damages recoverable by her at $4,000. The expenses incurred in treatment recoverable by Mr. Smith amounted to $1,397.54, and his general damages were assessed at $500. Appellant does not complain of the amount of the judgment. The court made findings of the evidentiary facts substantially as above and drew from these facts a conclusion that respondents were entitled to judgment.

Appellant now contends that Mrs. Smith was, as a matter of law, a guest within the meaning of section 403 of the Vehicle Code, and for that reason the judgment must be reversed. Respondents, of course, contend that the guest-host relationship was not established and that Mrs. Smith had not yet become a guest within the meaning of that section and that the finding of the trial court to that effect is controlling on appeal.

The original section 141¾ of the California Vehicle Act, insofar as it is pertinent to this discussion, reads as follows:

"Any person who as a guest accepts a ride in any vehicle, moving upon any of the public highways . . . and while so riding . . . receives . . . an injury, shall have no right of recovery against the owner . . ."

The section as it then stood was construed in *Moreas* v. *Ferry*, 135 Cal. App. 202 [26 P. (2d) 886], wherein the court analyzed the wording of the section. In that case, the plaintiff rode with the defendant to a theater. That theater was crowded. They decided to seek another place of entertainment. The defendant was sitting by the steering wheel and requested the plaintiff to crank the car. The plaintiff cranked the car and the crank kicked, breaking plaintiff's

arm. The court held that under such circumstances the injury was not inflicted in any vehicle "moving upon any highway" and was not inflicted upon the guest "while so riding."

That section was also construed in *Prager* v. *Isreal*, 15 Cal. (2d) 89 [98 P. (2d) 729], where it was held not applicable to a case where the defendant driver, who had been sitting in the automobile, started to leave the automobile and go around to the other side while plaintiff, in stepping from the automobile, had one foot on the ground and the other foot on the running board, and the car moved forward throwing her to the ground. In other words, it was held that the plaintiff was not a guest under those circumstances, within the meaning of the act, who had accepted a ride in a vehicle *"moving upon a public highway,"* and "while so riding as such guest" was injured, and that the plaintiff could not be said to "be riding" in said automobile within the meaning of said statute.

Subsequently, the Legislature recast the section and eliminated from it the wording "moving upon any of the public highways" and inserted the words "in any vehicle upon a highway" and further eliminated entirely the use of the phrase "while so riding."

Section 403 of the Vehicle Code now reads in part, in so far as here applicable, as follows:

"No person who as a guest accepts a ride *in any vehicle* upon a highway without giving compensation for such ride . . . has any right of action for civil damages against the driver of such vehicle . . . on account of personal injury to . . . such guest *during such ride.* . . ." (Italics ours.)

The conditions for the exemption from liability thus granted are two. (1) A guest shall accept a ride "in any vehicle"; and (2) the injury must occur "during such ride." In order to claim the benefit of the lessened liability provided by this section the defendant must show that the "guest" first accepted a ride *in a vehicle* and was thereafter injured *during such ride.* The term "in any vehicle" as here used, is not, and by force of reason would not be, limited to the construction that a person must be actually seated within the enclosure of the automobile before a person could be said to be "in any vehicle". It might well be anticipated that a person could be invited to ride on a vehicle other than within the enclosure so provided and still be a guest "in

any vehicle," but we believe the additional term used, i. e., that the person must be injured "during such ride" contemplates that such a ride by the guest must have been actually commenced. In other words, it was not necessary, as it was before under the former section, to show that the vehicle was "moving upon any highway," but only to show that the injury occurred "during the ride" which would include in that category all the time elapsed from the time of entering the vehicle, and while so continuing such occupancy, until the journey's end. This construction receives support in *Frankenstein* v. *House*, [1940] 41 Cal. App. (2d) 813 [107 P. (2d) 624], where it is said at page 815, in discussing the time when the guest-host relationship begins: "Having placed herself under his care for a ride in his vehicle, and having remained therein until she was thrown therefrom 'on the highway', the relation of host and guest continued at all times *from her entry into the automobile* until she was thrown to the street." (Italics ours.) The court, in a recent case (*Harrison* v. *Gamatero*, decided May 21, 1942, 52 Cal. App. (2d) 178 [125 P. (2d) 904], has duly emphasized the term "during such ride," still remaining in the act, and has held that it must be shown that the injury occurred "during such ride." In *Prager* v. *Isreal*, *supra*, at page 94, the court said: "We are likewise of the opinion that a person alighting from an automobile, who is in a position with one foot on the ground and the other on the running board when it so moves cannot be said to be 'riding' in said automobile within the meaning of said statute." The converse must therefore be true and it must follow that a person occupying practically the same position preparatory to entering a car, cannot be said to be "riding" in said automobile within the meaning of the statute. (See, also, *Nemoitin* v. *Berger*, 111 Conn. 88 [149 Atl. 233]; *Hunter* v. *Baldwin*, 268 Mich. 106 [255 N. W. 431].) Citations from the several states are not particularly helpful to the solution of this question, due to the difference in the wording of their guest statutes. The Iowa statute is quite similar to ours. (Code of Iowa 1927, 1935, § 5026-b1, and Code of Iowa 1939, § 5037.10.) It provides: "Guest Statute. The owner . . . shall not be liable for any damages to any passenger . . . *riding in* said motor vehicle as a guest. . . ." (Italics ours.) In construing that statute in *Samuelson* v. *Sherrill*, 225 Iowa 421 [280 N. W. 596], the

court cited with approval *Puckett* v. *Pailthorpe,* 207 Iowa 613 [223 N. W. 254], which was a case somewhat similar to the instant case. There, as here, the plaintiff was about to enter the car of defendant to begin a journey. Plaintiff had met the defendant, but by no prearrangement, at a restaurant, and defendant had invited the plaintiff to ride in his car on his return home. Plaintiff went ahead of the defendant to the car and, reaching it, took hold of the handle of the door. The door came loose from its fastening and fell upon plaintiff. Unlike the case at bar, defendant was not seated in the car at the time the door fell on the plaintiff. But while this was one of the circumstances held by the court to be controlling in its determination that the guest-host relationship had not begun, the court put stress on a second and independent ground. Upon this second ground the court reasoned that the plaintiff was not ''riding'' in the car at the time of receiving her injuries, and held that because the plaintiff had not entered the car the guest statute did not apply. It said: ''Moreover, the one who is called a 'passenger' must be riding in the car. To place emphasis upon this interpretation the legislature confined the passenger or person named in the section [5026-b1] to one who is 'riding in' a motor vehicle 'as a guest or by invitation, and not for hire.' Then if such 'guest or person' is not 'riding' the statute under consideration has no application. 'Riding' modifies both passenger and person.''

The reasoning of the Iowa court in the Puckett case applied to the facts of the case at bar would place Mrs. Smith definitely outside the purview of the statute. ▮ Prior to the enactment of any ''guest statute'' in California, the driver of an automobile was liable to his guest for acts of ordinary negligence. This was the common law rule. (*Callet* v. *Alioto,* 210 Cal. 65 [290 Pac. 438].) The overwhelming weight of authority in this country is to the effect that in the absence of statute, under the common law, a guest may recover for failure of the driver to use ordinary care. It has consequently been held that section 403 of the Vehicle Code (the guest statute) was but a restriction on a common law right, and being in derogation of a common law right, such a statute may be extended only so far as a strict construction of the language of the statute makes it imperative. (*McCann* v. *Hoffman,* 9 Cal. (2d) 279 [70 P. (2d) 909]; *Callet* v. *Alioto, supra.*) Therefore, only those persons who were guests within the definition adopted by the Legislature may be considered to

have been deprived of the right to recover except for injuries due to the wilful misconduct or intoxication of the driver. The common law right of having redress for injuries wrongfully inflicted being lessened by such statute, necessitates a strict construction of the statute. The rule adopted in *Prager* v. *Isreal, supra,* to the effect that "cases be not held within the provisions of such statutes unless it clearly appears that it should be so determined" must here apply.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 24, 1942.