[Civ. No. 4969. Third Appellate District.—November 7, 1933.]

JOSE MOREAS, Respondent, v. JOHN V. FERRY, Appellant.

Charles L. Gilmore for Appellant.

Mento & Read for Respondent.

PULLEN, P. J.—In an action for personal injuries plaintiff had judgment, from which defendant appeals.

It is the contention of appellant that the relationship of host and guest existed between the parties hereto at the time the injury was received, and the provisions of section 141¾ of the California Vehicle Act applied, and inasmuch as plaintiff failed to show intoxication or wilful misconduct, the judgment is not supported by the evidence. We are unable to agree with this theory of appellant.

The testimony discloses that defendant, accompanied by his wife, drove in their Ford automobile to the home of plaintiff, whereupon plaintiff and his wife accepted the invitation to accompany defendant and Mrs. Ferry in their car to a theater. Upon arrival they found the showhouse crowded and then decided to seek another place of entertainment. Defendant seated behind the steering-wheel, requested plaintiff to crank the car. This he proceeded to do and gave it two half turns and upon the third attempt it "kicked back", as he described it, causing the crank to strike his forearm, inflicting the injuries complained of.

The complaint is in two counts, the first based on the failure to warn an invitee of dangerous or defective conditions connected with the starting equipment of the automobile, which appellant requested or invited respondent to crank for appellant's benefit and advantage, appellant being charged with the actual knowledge of the existence of certain dangerous and unrepaired defects, which were unknown to respondent.

The second count alleges that appellant moved and altered the position of the retard and time lever attached to the mechanism of the automobile engine while respondent was attempting to crank the car, whereupon the engine forced the crank with great force and violence around and against the arm of respondent. The judgment was based upon the first count in the complaint.

■ The complaint alleges that respondent "was the guest of defendant and a passenger of defendant in said automobile", but this allegation, if material at all, was inserted therein in aid of the claim that respondent was an invitee.

■ From an analysis of section 141¾ of the California Vehicle Act, it is apparent that under the facts here alleged its provisions are not applicable. It is therein provided, "any person who as a guest, accepts a ride in any vehicle moving upon any of the public highways . . . and while so riding . . . receives or sustains an injury . . ." The injury here received was not inflicted in any vehicle moving upon any highway and was not inflicted while so riding.

■ The trial court was correct in its holding that respondent was not a guest within the meaning of the section referred to, nor does the evidence disclose that respondent was guilty of contributory negligence, nor that he assumed the risk, if any, in complying with the request of appellant.

■ An automobile mechanic, called as an expert, testified that a Ford properly adjusted, would not "kick". Such a thing occurs only when it is out of repair, defective or unless the spark is too far advanced.

In the case of *Buckingham* v. *San Joaquin Cotton Oil Co.*, 128 Cal. App. 94 [16 Pac. (2d) 807], it was contended as here, that the injuries to respondent were owing to his own negligence. The court said, "It is a well settled rule that the owner of the premises must exercise ordinary care to render them reasonably safe to persons whom he induces to come there by invitation, express or implied . . . and appellant owed to respondent as such invitee, the duty of maintaining the property in a safe condition and exercising reasonable care in protecting him from injury."

In this case the danger was not obvious. It was known to appellant but not known or suspected by respondent. "It has been held that the owner of an automobile owes to one . . . the duty of having the automobile in a reasonably safe condition, and is liable . . . for injuries from defects in the automobile of which the owner knew." (42 Cor. Jur., pp. 1059, 1077, and cases cited.)

The evidence supports the findings and the judgment is affirmed.

Thompson, J., and Plummer, J., concurred.