[Civ. No. 13072.   Second Dist., Div. Three.   May 21, 1942.]

MYRNA JEAN HARRISON, a Minor, etc., et al., Respondents, v. AUGUST TAMAYO GAMATERO et al., Appellants.

Nourse & Jones for Appellants Gamatero et al.

Betts & Garrison, John A. Loomis and Balter, Landis & Balter for Appellant Schartenberg.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and Redman, Alexander & Bacon as Amici Curiae on behalf of Appellant Schartenberg.

Lasher B. Gallagher for Respondents.

SHINN, J.—Plaintiff Myrna Jean Harrison, a child aged seven and one-half years, recovered a judgment for personal injuries sustained in an automobile accident and her father, Benjamin Harrison, recovered a judgment for expenses of medical care, after verdict by a jury, against defendants Gamatero, King, and Schartenberg, who appeal from the judgment.

Defendant Geraldine Schartenberg took Myrna Jean Harrison (herein referred to as plaintiff) into her automobile one afternoon, drove westerly on Sunset Boulevard to Doheny Drive (between Hollywood and Beverly Hills), turned to the right into Doheny and double-parked her car on the east half of Doheny north of the north crosswalk on Sunset and sent plaintiff across the street to the northwest corner of the

intersection to mail a letter for her, while she remained in her car. Plaintiff walked south to the crosswalk, crossed Doheny Drive to the northwest corner with the traffic signal, which was open for east and west traffic, mailed the letter, and during her attempted return to the Schartenberg car and while crossing Doheny Drive at a point ten feet or more north of the crosswalk, and while still in the westerly half of Doheny Drive, was struck by an automobile being driven in a southerly direction on Doheny by defendant Gamatero, who was employed by, and at the time of the accident was in the service of, defendant King.

None of the witnesses testified to having seen plaintiff leave the curb to recross the street. Defendant Gamatero made conflicting statements as to whether he saw her before his car struck her; plaintiff was unable to recall what occurred after she left the mail box and before the accident happened, and none of the witnesses testified to what her actions were during that interval.

All of the defendants pleaded contributory negligence of plaintiff as a defense to the action, but this defense is not relied upon by any of them upon their several appeals.

We shall first discuss the evidence which is relied upon to show negligence in the conduct of defendant Schartenberg. There was testimony to the effect that her car was parked several car lengths north of the crosswalk on Sunset and about one and one-half feet from the left side of cars parked at the easterly curb. As she sat in her car Miss Schartenberg looked back to the south and watched plaintiff walk down to and across the street in the crosswalk and proceed to two mail boxes, one for letters and the other for packages, that were on Doheny slightly north of the corner. There was at least one automobile parked on the west side of Doheny a short distance north of the mail boxes. Miss Schartenberg lost sight of plaintiff as she reached the mail boxes, at which time she observed Gamatero's car about one and one-half car lengths in front of her own and she did not thereafter see plaintiff before the latter was struck and knocked down.

Admitting that the double parking of her car was in violation of section 586(h) of the Vehicle Code, she contends that it could not have been a proximate cause of the accident. The argument in substance is that the implied finding of the jury on that issue is untenable as having no reasonable basis in fact. It is contended that the accident to plaintiff was

one that could not have been reasonably anticipated as a natural or probable result of the double parking of the car and that it would have as readily occurred if the car had been parked at the curb in a lawful manner. We do not agree with this contention but upon the contrary we observe in these facts a direct connection between the double parking of the car and its position in the street and the actions of plaintiff in the course of carrying out Miss Schartenberg's instructions and which resulted in the casualty. Miss Schartenberg remained in her car because she was unable to find room to park it at the curb, and sent plaintiff across the street to mail the letter which she probably would have mailed herself had her car been properly parked. The circumstance that the car was parked in an unusual place and that Miss Schartenberg was waiting therein for plaintiff to finish her errand may well have tended to hurry plaintiff upon her errand and in returning to the automobile, and this desire for haste upon the plaintiff's part may also have caused her to start across the street at a point away from the crosswalk and along a more dangerous route. It would be reasonable to believe that had the car been properly parked at the curb, even though Miss Schartenberg had remained in it, plaintiff would have felt less necessity for haste and would have proceeded more cautiously. The desire not to keep others waiting is a natural one and induces hurried or precipitate action. "Cutting corners" or taking a diagonal course is not infrequently induced by a desire to make haste. Again, while she was sending plaintiff on a hazardous errand, for both Doheny Drive and Sunset are busy streets, Miss Schartenberg remained in a position from which plaintiff was not visible after she reached the mail box, and she was therefore not in a position to warn plaintiff of danger from traffic as she recrossed the street. The double parking of the car was an unlawful act and constituted an act of negligence imposing liability for injuries proximately caused thereby. The stationing of the car at a forbidden location was only one of a series of acts of defendant Schartenberg and it cannot be isolated from the remainder of her plan and purpose to send plaintiff across the street to mail the letter while she remained in the car awaiting plaintiff's return. Certainly it cannot be said as a matter of law that plaintiff's acts after she left the Schartenberg car and until she was struck by the other car were not influenced directly by the location of the Scharten-

berg car and by the other circumstances which we have related. These considerations, we think, reasonably lead to the belief that there was a direct connection between Miss Schartenberg's acts of negligence in sending plaintiff on the errand under the circumstances in evidence and plaintiff's resulting injury. If Miss Schartenberg was negligent, her negligence was continuous and an active factor contributing proximately to the result. ■ All that is necessary to establish negligence as a proximate cause of an injury is evidence which may reasonably and fairly be said to prove that the injury was one that should reasonably have been anticipated as a natural and probable consequence and as an immediate, as distinguished from a remote or improbable, result of the negligence. Plaintiff's evidence met that requirement.

The jury was instructed as to the law against double parking and answered in the affirmative a special interrogatory whether the double parking of Miss Schartenberg's car contributed proximately to the injuries and damage sustained by plaintiff. It follows from the views we have stated on that subject that there was no error in the giving of the instruction or the submission of the special interrogatory.

■ Defendant Schartenberg invokes the Guest Law (§ 403 of the Vehicle Code) and seeks to place plaintiff in the position of a guest and as such having no right to recover for injuries which were not caused by intoxication or wilful misconduct. The injury to a guest for which he may not recover unless it has proximately resulted from the intoxication or wilful misconduct of his driver host with whom he has accepted a ride is one which occurs "during such ride." Certainly plaintiff was not riding in the automobile within the meaning of said section 403 at the time of her injury. (*Moreas* v. *Ferry* (1933), 135 Cal. App. 202, 204 [26 P. (2d) 886]; *Prager* v. *Isreal* (1940), 15 Cal. (2d) 89, 94 [98 P. (2d) 729].)

■ On the appeal of Gamatero and King the contention is that the former was driving carefully; that plaintiff suddenly darted out from behind an automobile directly into the path of the car; that Gamatero did everything possible to avoid the accident after he saw plaintiff, and that he was not negligent in failing to see her sooner. Of course if the jury had entertained this view of the facts defendants Gamatero and King would have been exonerated from liability. However, there was testimony that Gamatero was looking at Miss Schartenberg as he approached and at least until he had

passed her car; he admitted to one of plaintiff's witnesses that he had seen plaintiff get out of the Schartenberg car and cross the street in the crosswalk, and there was testimony that he was driving as fast as 20 miles an hour as he approached the crosswalk. At the trial he denied having seen plaintiff before she was struck and also testified to having seen her running toward his car and only a few feet away. He denied having admitted seeing her leave Miss Schartenberg's car and cross the street.

There was uncertainty as to the location of Miss Schartenberg's car and the point where plaintiff was struck with relation to the crosswalk but the uncertainty does not weaken plaintiff's case against Gamatero and King. There was testimony that plaintiff was struck approximately 15 feet north of the crosswalk. If that was so and if it was believed that Gamatero was driving at about 20 miles per hour, it was for the jury to decide whether his speed and manner of driving, in view of all of the surrounding circumstances that were known or should have been known to him, squared with his duty to exercise ordinary care. There was testimony that plaintiff was struck down five or ten feet south of the Schartenberg car. If that was so, the jury might have inferred negligence from the testimony that Gamatero was not looking ahead but was looking to the east and at Miss Schartenberg as he passed her car. In either event if he had seen plaintiff leave Miss Schartenberg's car and cross the street the jury may have considered that it would have been the part of ordinary prudence to anticipate that plaintiff might hurry back to the double-parked car and to be correspondingly careful to observe whether she did so. It was his duty to use such care and caution as the circumstances of the situation demanded and it would not have been unreasonable for the jury to find that he was inattentive to his duty and careless in looking away from and failing to observe plaintiff's actions. The careful driving of an automobile under the circumstances in evidence required alert and constant observation of what dangers lay or might appear in the path of the car and a concentration upon the business of driving sufficient to immediately apprise the driver of the movements of vehicles or pedestrians. The presence of a child in a potentially hazardous position with relation to a moving vehicle is a warning of danger and a driver who fails to take into account the fact that children act impulsively and swiftly, and who

anticipates only that they will act as adults would under similar circumstances, fails in his duty to exercise care commensurate with the apparent danger. ■ Slight or even momentary inattention may constitute negligence where the danger is close at hand. Gamatero, if he had seen plaintiff leave the waiting car, would not have been justified in relying upon her using the crosswalk in returning to the car, to the extent that would have been permissible had she been an adult. Upon any of several factual situations, deducible from the evidence, there was reason to believe that by the use of ordinary care Gamatero could and would have avoided the accident.

The judgment is affirmed.

Schauer, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied June 20, 1942, and Appellant Schartenberg's petition for a hearing by the Supreme Court was denied July 16, 1942. Curtis, J., and Edmonds, J., voted for a hearing.