[Sac. No. 6595.   In Bank.   Feb. 10, 1956.]

GUY BOYD, Respondent, v. JOHN CRESS, Appellant.

McDougall & Fitzwilliam, Robert H. Memering and Leo Fitzwilliam for Appellant.

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Reginald M. Watt for Respondent.

SHENK, J.—Defendant Cress appeals from a judgment awarding damages to the plaintiff for personal injuries suffered in a motor vehicle accident.

On September 2, 1951, Cress and the plaintiff Boyd left Chico, California, in Cress' automobile for the purpose of driving to Fall River, California, in order to make plans for deer hunting trips later in the year. Cress drove his car and Boyd accompanied him as a nonpaying passenger. Sometime between 2 and 3 o'clock on the morning of September 3, after driving four or five hours, Cress steered his automobile over to the side of the highway and stopped, apparently for the purpose of examining the tires and to stretch and relax momentarily. Boyd stepped out on the right side of the vehicle, leaving the right door in a "locked open" position. Standing next to the door outside of the automobile, Boyd was struck by the door when the car suddenly rolled backward a few feet. Cress was sitting in the driver's seat at this point but he was unable to stop the car before the open door struck Boyd causing him in turn to spin around the door and to strike the right front bumper injuring his shoulder. After the accident Boyd and Cress resumed their trip, driving first to Fall River, as originally contemplated, and then returning to Chico.

Boyd commenced this action on January 7, 1952, alleging that Cress negligently failed to set the brakes on the automobile, allowing it to roll backward and to strike him while he stood on the adjacent ground. The trial court found generally for the plaintiff, awarding $500 general and $1,300 special damages.

Cress' sole contention is that the foregoing facts show that Boyd was a "guest" at the time of the injury within the meaning of section 403 of the Vehicle Code and for that reason has no right of recovery. It was stipulated by the parties that Boyd was a guest at the outset of their trip together. Hence the controlling question is whether Boyd remained a guest

within the meaning of the statute after he stepped out of the automobile.

Section 403 provides that "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver."

Unless it appears that all of the conditions of section 403 are satisfied, the plaintiff is not a guest within the meaning of the statute and the defendant is liable for injuries resulting from his negligence. In order to qualify the plaintiff as a guest it must appear (1) that the plaintiff accepted a "ride" as a guest, (2) that the ride was "in" a vehicle upon a highway, and (3) that death or injury was suffered by the guest "during such ride." The defendant is entitled to the protection of the statute only if all of the foregoing requirements are satisfied.

It does not appear that Boyd was a guest at the time of the accident. Boyd unquestionably accepted the ride as a guest in a vehicle upon a highway as the statute contemplates. But it does not follow that he suffered the injury "during such ride." At the time of the accident, Boyd was entirely removed from Cress' automobile.

The terms "ride" and "riding" have been the subject of judicial interpretation in a consistent line of cases in this state. In all instances it has been determined that being in or upon the vehicle at the time of the accident is a necessary element of the "ride." In *Prager* v. *Isreal*, 15 Cal.2d 89 [98 P.2d 729], which applied section 141¾ of the Vehicle Act, the predecessor of section 403, the court stated at page 94: "We are likewise of the opinion that a person alighting from an automobile, who is in a position with one foot on the ground and the other on the running board when it so moves cannot be said to be 'riding' in said automobile within the meaning of said statute." Under such circumstances the court held that the guest statute was not applicable. A similar result was reached in *Smith* v. *Pope,* 53 Cal.App.2d 43 [127 P.2d 292], where the plaintiff was injured at the outset of the ride when the defendant negligently permitted the car to roll backwards a few feet as the plaintiff started to enter the auto-

mobile. In that case the court stated at page 46 that ''In order to claim the benefit of the lessened liability provided by this section the defendant must show that the 'guest' first accepted a ride *in a vehicle* and was thereafter injured *during such ride*'' and held that the plaintiff was not a guest at the time of the accident. Facts generally comparable to those of the present case were passed upon in *Harrison* v. *Gamatero,* 52 Cal.App.2d 178, 182 [125 P.2d 904], where the guest left the car after the ride began and was injured upon her return to the vehicle. In holding that the defendant was not entitled to guest statute consideration, the court concluded that ''Certainly plaintiff was not riding in the automobile within the meaning of said section 403 at the time of her injury.'' A similar problem was presented in *Moreas* v. *Ferry,* 135 Cal. App. 202 [26 P.2d 886], where, in construing former section 141¾, the court refused to apply the guest statute to a person injured while cranking the defendant's car in which he had been riding.

This consistent line of authority establishes the rule that the protection of the guest statute extends only to injuries suffered ''during the ride'' in the sense that the plaintiff remained in or upon the vehicle at the time of the accident. After the guest steps out of the automobile, he enters into a pedestrian or other nonguest status. He not longer occupies the host's property or enjoys his hospitality. It is not important that the parties' intentions indicate that the plaintiff's nonguest status will exist only for a momentary interlude. When he departs from the host's automobile, even momentarily, the ''guest'' is entitled to hold the host-driver to the same standard of conduct as a stranger.

The defendant contends that the history of the guest statute in California discloses that the Legislature intended to broaden its scope to encompass the problem of the present case by virtue of an amendment enacted in 1935. Prior to 1935 the statute provided that the guest must have accepted a ride in a vehicle ''moving upon any of the public highways'' and that he must have been injured ''while so riding as such guest.'' (Stats. 1929, ch. 787, § 1, p. 1580.) A comparison of the 1935 amendment, which embraces the present language of section 403, reveals that the Legislature removed the words ''moving upon any of the public highways'' and inserted ''in any vehicle upon a highway'' and substituted for ''while so riding'' the language ''during such ride.'' The defendant construes the 1935 amendment as extending the guest statute

to injuries occurring during or incidental to the ''journey,'' notwithstanding that the plaintiff is entirely outside of the automobile when the injury is sustained. But this construction would involve the reading of new and different language into the statute.

Before the statute was amended in 1935, the case of *Moreas* v. *Ferry, supra,* 135 Cal.App. 202, construed the old section to exclude the plaintiff who is injured outside of his host's vehicle from guest statute treatment. By removing certain language and entirely recasting the structure of the statute in the 1935 amendment, the Legislature intended to extend its scope to nonmoving vehicles and to make other changes not relevant here. Had the Legislature intended in 1935 to expand the application of the statute to include cases such as the Moreas case, it would not have used language such as a ride ''in any vehicle'' and ''during such ride.'' In view of that case it is reasonable to assume that the Legislature would have adopted language of a ''journey'' or ''trip'' or found other comparatively clear language for expressing an intention to extend the scope of the statute had it entertained such an intention.

The judgment is affirmed.

Gibson, C. J., Carter, J., Traynor, J., Spence, J., and McComb, J., concurred.

SCHAUER, J.—In my view the opinion prepared for the District Court of Appeal by Justice Schottky and concurred in by Presiding Justice Van Dyke and Justice Peek (reported at (Cal.App.) 278 P.2d 517) adequately discusses and correctly resolves the issues of law presented on this appeal. Upon the grounds and for the reasons therein stated I would reverse the judgment.