Herbert, J.,
dissenting. I concur in the paragraphs of the syllabus as stated, relating to the guest statute, but must dissent from the opinion and judgment of the majority because of the premise on which paragraph two of the syllabus is based. That paragraph states in substance that the guest statute is ordinarily without application where the guest has alighted *224 from tire vehicle and is injured by the negligence of the operator while the guest is out of the conveyance. With that statement 1 agree, but, in my view, the facts in this case do not fit it.
As stated in the majority opinion, the hey words of Section 6308-6, General Code (Section 4515.02, Revised Code), are, “while being transported * * * in or upon said motor vehicle.”
In 60 Corpus Juris Secundum, 996, Motor Vehicles, Section 399 (3), it is stated:
“Such [guest] statutes, being in derogation of the common law, must be strictly construed against the host and liberally construed in favor of the guest. Although they should be construed with their intent and purpose in view, and consideration given to all the language employed, they should not be extended beyond correction of the evils and attainment of the social objects which it may be assumed were the inducing reasons for their enactment or so restricted as to defeat or impair those purposes.'’’’ (Emphasis added.)
Among cases from various jurisdictions cited under this statement is the case of Miller v. Fairley, 141 Ohio St., 327, 48 N. E. (2d), 217 (in which decision two of the majority in the instant case concurred). The following paragraphs are stated in the syllabus in that case:
“2. Statutes are to be read in the light of attendant circumstances and conditions, and are to be construed as they were intended to be understood, when they were passed.
“3. The language of a statute, designed to give a substantial remedy for an admitted evil, should be given a fair construction in order to advance the remedy and correct the evil sought to be abated; but if the General Assembly has not made the remedy coextensive with the evil by the terms of the act, a court cannot do so by construction.”
Although that case turned on the question of payment for the transportation (which, of course, is not involved here), I am impressed with the logic of that decision. Reference is therein made (page 336) to the case of Duncan v. Hutchinson, 139 Ohio St., 185, 39 N. E. (2d), 140, which held that “the sharing of the cost of gasoline and oil consumed on a motor vehicle trip taken for mutual pleasure or social purposes, without any business aspect, does not transform into a passenger *225 one who without such exchange would be a guest, and is not •payment’ for transportation within the meaning of the Ohio guest statute * * * so as to make the automobile host liable to such guest in the absence of wilful or wanton misconduct.”
In referring to the Duncan case, the court in the opinion in the Miller case said (page 336), “This court believes that a proper test was applied in the construction of the statute in question in that case and must, likewise, be applied to the facts in this ease.” Granting that the question in issue in both the above cited eases was one of whether payment took the injured party out of the ‘guest’ category, nevertheless a test was applied to the facts in each case. What have we here?
Each defendant in her answer (as read by the trial court in its charge to the jury) alleges certain acts by Lemen at a time when plaintiff was re-entering said automobile with her body partly in and partly out thereof. These allegations are denied in the general denial of plaintiff’s reply, but on the direct examination of the plaintiff Clinger she testified that she had her hand on the back of the front seat and that she removed it to get her balance and separate herself from the car after it started in motion. The serious injury to her leg did not occur, of course, until the car was moving forward after having backed up a considerable distance. On cross-examination, Clinger testified that she had her hand on the back seat attempting to pull it forward.
It is quite apparent from the analysis of the testimony of Clinger that although her feet were still on the ground she had been and was making an effort to get into the back seat of the car by attempting to move the front seat forward when the car started in motion backwards, at which time she attempted to extricate herself from contact with the car.
In view of all these circumstances, it is my view that she had resumed her status as a guest within the meaning of the statute. It would seem a far more sensible rule to hold that, where the intent of all the parties is to resume the transportation, and where a person who having been a guest until getting out of the car has any part of his body “in or upon” the car for resumption of the trip, he thereby re-establishes his status as a guest.
*226 In view of the closeness of division in this case, attention is called to the case of Hannabalson v. Sessions, 116 Iowa, 457, 90 N. W., 93, 93 Am. St. Rep., 250. Although decided in 1902 on events occurring in 1898 (long before guest statutes), it is still pertinent to the principle under consideration here and, may I add, makes delightful reading in its entirety. There an action for assault was begun by the wife of one neighbor against their adjoining neighbor, claiming that the defendant had struck her arm while she was leaning over a fence erected between their properties. Defendant contended that he was merely protecting a ladder hanging on a peg on his side of the fence.
Paragraph two of the syllabus states:
“One who extends her arm over a fence dividing her own premises from those of another is a trespasser, though her body remains on her own side of the fence. ’ ’
In the opinion we find this sage statement:
“It is one of the oldest rules of property known to the law that the title of the owner of the soil extends, not only downward to the center of the earth, but upward usque ad coelum, although it is, perhaps, doubtful whether owners as quarrelsome as the parties in this case will ever enjoy the usufruct of their property in the latter direction. The maxim, “ubi pars est ibi est totuvn,” — that where the greater part is, there is the whole, — does not apply to the person of a trespasser, and the court and jury could therefore not be expected to enter into any inquiry as to the side of the boundary line upon which plaintiff preponderated, as she reached over the fence top. It was enough that she thrust her hand or arm across the boundary to technically authorize the defendant to demand that she cease the intrusion * *
The reasoning of that opinion should be persuasive in the instant case.
The majority opinion leans strongly on the case of Boyd v. Cress, 46 Cal. (2d), 164, 293 P. (2d), 37. Also, it states that California has a guest statute similar to ours. The California statute, so far as pertinent to the sections here, provides : “No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride * * * has any right of action for civil damages against the driver of *227 such vehicle * * * on account of personal injury to * * * such guest during such ride, unless the plaintiff in any such action establishes that such injury # # * proximately resulted from * * * wilful misconduct of said driver.” The key words, ‘‘in or upon,” are not in that statute. The facts in that case clearly distinguish it from this one. The plaintiff there had stepped out of the car thereby terminating his guest status and was not in contact with the car until it hit him as it backed up. He certainly had not attempted to re-enter it.
Reference is also made to the case of Vest, a Minor, v. Kramer, 158 Ohio St., 78, 107 N. E. (2d), 105. In that case a minor, who was a Boy Scout, was held not to be a guest where he was riding on a trailer attached to the automobile of defendant who was the acting assistant scoutmaster and who was engaged with the plaintiff in a scrap paper collection. The trial court granted the motion of defendant for judgment on the pleadings and opening statement of counsel for plaintiff. That decision was reversed by the Court of Appeals which remanded the cause to the trial court. This court affirmed the judgment of the Court of Appeals by a 4 to 3 vote. Stewart, J., did not concur in the opinion but merely held to the view that there were allegations in the petition and language in the opening statement of counsel for plaintiff from which an inference could be drawn that he was not a guest in defendant’s motor vehicle. The Vest case is not, in my opinion, persuasive here.
It is true the Legislature could have used more comprehensive language such as that contained in insurance policies (see Madden v. Farm Bureau Mutual Automobile Ins. Co., 82 Ohio App., 111, 79 N. E. [2d], 586), but if we follow the approach used by this court in the Miller case, as indicated in the syllabus, the intent and purpose of the guest statute would be better served to rule that Clinger had re-established her status as a guest under the facts presented or at least to require submission to the jury of the issue of fact whether Clinger was ‘ ‘ in or upon” the automobile when it started in motion.
It is also my view that the jury should have been charged generally with respect to the guest statute as requested by both defendants, although I do not take the position that special requests Nos. 1 and 2 as presented by defendant Lemen should *228 have been given in their entirety. On the basis of this dissent, 1 do not consider it necessary to reach the remaining questions of proximate canse and those relating to the municipal ordinance. The failure of the trial court to charge on the issue of Section 6308-6, G-eneral Code (Section 4515.02, Revised Code), in the light of the facts presented, constituted, in my view, such error that the judgment of the Court of Appeals should be reversed and the cause remanded for new trial. I, therefore, dissent from the judgment herein.
Stewart and Taut, JJ., concur in the foregoing dissenting opinion.