[Civ. No. 695.   Fifth Dist.   Nov. 17, 1966.]

ALICE R. TRIGG, Plaintiff and Appellant, v. CORNELIA SMITH, as Administratrix, etc., Defendant and Respondent.

Virga & Fields and Michael J. Virga for Plaintiff and Appellant.

Rust & Hoffman, Robert Hoffman and Ellis J. Horvitz for Defendant and Respondent.

CONLEY, P. J.—On a wet and stormy night, the plaintiff, Alice R. Trigg, aged 69, accepted a ride from the Department of Motor Vehicles building in Sacramento to her home at 616 - 41st Street as a guest of her friend of 30 years, Mrs. Estelle Brown. When Mrs. Brown reached the vicinity of the Trigg home, which was on the left side of a north- and south-bound street, she noticed that the gutter in front of the residence was choked with water, and, consequently, she drove the automobile across the street and parked it so that the left wheels were on the sidewalk and the right wheels remained on the roadway. The two women talked for a few minutes and then Mrs. Brown stepped out of the car, leaving the motor running and the transmission in the drive position, without setting the emergency brake. Mrs. Trigg moved across the seat in order to get out on the driver's side; as she reached the vicinity of the steering wheel, the car suddenly lurched forward and traveled a distance of approximately 120 feet where it forcibly hit a tree with the result that the right knee of the plaintiff was shattered.

The record shows that the plaintiff spent weeks in the hospital and that she was severely, and in part permanently, injured to her general damage, as she claimed, in the sum of $75,000 besides her special damages for hospital, surgical, and doctor's fees.

The complaint alleged that the ride had terminated under the theory more explicitly discussed at a later point in the opinion, and, while Mrs. Brown demurred to the pleading because it did not allege ". . . intoxication or wilful misconduct of the driver" (Veh. Code, § 17158), the judge overruled the objection to the complaint on the ground that the allega-

512

tion to the effect that the "ride had terminated" presented a question to be determined upon the trial.

After the filing of the action, Mrs. Brown died from causes not connected with the accident and in a supplemental complaint Cornelia Smith, as the administratrix of the estate of the decedent, was substituted as defendant. The case was tried by the court without a jury. At the conclusion of the presentation of plaintiff's evidence, the defendant moved for judgment pursuant to section 631.8 of the Code of Civil Procedure; the motion was granted and the court filed findings of fact and conclusions of law as well as a judgment. The trial court found in favor of the defendant on two issues, both of which are attacked by the appellant as the basis of the appeal:

1) The court determined that the plaintiff still was a "guest" at the time of her injury and that the defendant was, therefore, protected by the provisions of the statute (§ 17158, Veh. Code) in that the ride which the plaintiff concededly accepted as a guest had not yet been terminated at the time of the plaintiff's injury; and

2) While the court held that the driver was guilty of negligence in failing to set her emergency brake and by leaving her motor running with the transmission in the drive position, the court also found that Mrs. Trigg was guilty of contributory negligence as she moved over to get out on the driver's side.

Plaintiff made a motion in due course to vacate the judgment and enter a different judgment, and this motion after a full hearing was denied by the court. It is suggested by the defendant that an appeal will not properly lie from this latter order; however, it has been recognized that where such a motion is made, pursuant to section 663 of the Code of Civil Procedure, there may properly be an appeal from an order denying the motion. (*Sinclair* v. *Baker,* 219 Cal.App.2d 817, 820 [33 Cal.Rptr. 522]; *Polk* v. *Polk,* 228 Cal.App.2d 763, 768 [39 Cal.Rptr. 824].)

As already indicated, the two main questions to be resolved on the appeal are:

1) Was appellant a "guest" within the meaning of the statute at the time of the accident so as to deprive her of a cause of action for damages for personal injuries against the driver of the vehicle by reason of the driver's negligence?

2) Is there sufficient evidence in the record to support the trial court's finding that appellant was guilty of contributory negligence?

On the first question, respondent relies heavily on the hold-

ing in *Panopulos* v. *Maderis*, 47 Cal.2d 337 [303 P.2d 738]. In the *Panopulos* case, four plaintiffs appealed from judgments on verdicts for defendant. The plaintiffs had attended a card party in Mountain View and had traveled from San Jose with the defendant as guests in her automobile; on the return trip, Mrs. Fitts sat in the front seat next to the defendant; in San Jose, defendant stopped her automobile in front of Mrs. Fitts' home on level ground, stepped out of the car, and stood at the side; the car was equipped with automatic transmission and the defendant left the shift lever in neutral with the motor running; from this position, very little force was required to move the gear shift lever to "drive," whereas had it been left in the park status, it would have been first necessary to lift the lever before changing its position. Mrs. Fitts attempted to alight; she was elderly and had never driven an automobile, and in sliding across the seat to the driver's side she apparently caused the gear shift lever to be moved and she also touched the accelerator. The car went forward, jumped the curb, smashed against a wall, and all four plaintiffs were injured; they sued; judgments for defendant were affirmed on appeal on the ground that the plaintiffs were guests.

Appellant's counsel makes an ingenious argument depending wholly upon a narrow and literal reading of section 17158 of the Vehicle Code. He argues that when the code uses the words "during the ride" it means that the ride itself—a going from one place to another—must be in process of active consummation, and that when an automobile arrives at its destination, even though the person accommodated still remains in the car, the "ride" has terminated; it is argued that it would be impossible any longer to apply the guest statute to an injury to the occupant of the car, because the ride had been finished. If one were to accept this pinch-beck definition of a "ride," the argument of appellant might well be approved. ■ However, the term "ride" as used in the code section has a much broader connotation than appellant would have us believe. In ordinary usage it means transportation from one point to another and often back again to the starting point, including the whole time from start to finish during which the guest is in the automobile. Here there can be no question that the plaintiff started as a guest and continued as a guest up to the point when Mrs. Brown stopped the car. In the ordinary viewpoint of people who talk about going for a ride, and that includes most of the population

these days, the concept of the beginning of a ride is when a guest enters an automobile, and the concept of the end of the ride is when the guest leaves the automobile and alights once more upon the ground.

There can be no question that under California law when a guest gets out of an automobile the guest statute no longer applies. (*Prager* v. *Isreal*, 15 Cal.2d 89, 93 [98 P.2d 729]; *Rocha* v. *Hulen*, 6 Cal.App.2d 245, 254 [44 P.2d 478]; *Moreas* v. *Ferry*, 135 Cal.App. 202, 204 [26 P.2d 886]; *Harrison* v. *Gamatero*, 52 Cal.App.2d 178, 182 [125 P.2d 904]; *Smith* v. *Pope*, 53 Cal.App.2d 43, 47 [127 P.2d 292].)

There can also be no question, under the holding in *Panopulos* v. *Maderis, supra,* 47 Cal.2d 337, that under proper circumstances the driver may still be a "driver" within the meaning of the guest statute if he temporarily leaves the automobile. The guest is still a guest so long as he remains in the vehicle in circumstances such as are disclosed in the present case. The *Panopulos* case, page 344, states the following: "It was held in *Boyd* v. *Cress*, 46 Cal.2d 164, at page 167 [293 P.2d 37], after reviewing numerous cases that 'This consistent line of authority establishes the rule that the protection of the guest statute extends only to injuries suffered "during the ride" in the sense that the plaintiff [guest] remained in or upon the vehicle at the time of the accident. After the guest steps out of the automobile, he enters into a pedestrian or other nonguest status. He no longer occupies the host's property or enjoys his hospitality.' But in a case where the driver steps out and the guest remains in the vehicle the latter still occupies the host's property, enjoys his hospitality and continues in the relationship contemplated by section 403. It is obvious that the limitation on liability provided for therein relates to those acts of ordinary negligence performed pursuant to that relationship. (*Ruel* v. *Langelier*, 299 Mass. 240 [12 N.E.2d 735].)"

As to the finding of contributory negligence, the record shows that the car was in drive gear, the emergency brake was not on, and the engine was running, but that the automobile had not moved during the time the women were sitting in it and talking, and that the car lurched forward only when appellant moved under the steering wheel in the vicinity of the accelerator; this necessarily supports the court's finding based on inference that appellant was contributorily negligent.

The 1961 statute directs (Code Civ. Proc., § 631.8) the trial judge to "weigh the evidence" and "make findings," and he may draw such inferences as are reasonable; the rule on appeal, appropriately, is:

" ' "When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deduction for those of the trial court. . . ." ' " (*Callahan* v. *Gray*, 44 Cal.2d 107, 111 [279 P.2d 963]; 3 Witkin, Cal. Procedure, Appeal, § 88, pp. 2251-2252.)" (*Greening* v. *General Air-Conditioning Corp.*, 233 Cal.App.2d 545, 551 [43 Cal.Rptr. 662].)

The trial judge's findings are entitled to the same respect on appeal as any other findings and are not reversible if supported by substantial evidence. See *Weinstock* v. *L. A. Carpet, Inc.*, 234 Cal.App.2d 809, 811 [44 Cal.Rptr. 852].)

The judgment is affirmed and the order denying the motion to vacate the judgment and enter a different judgment is also affirmed.

Stone, J., and Gargano, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 25, 1967. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.