[Civ. No. 23563.   First Dist., Div. One.   May 8, 1967.]

HARMON B. CAMPBELL, Plaintiff and Respondent, v. KENNETH ADAMS, Defendant and Appellant.

Toff, Gordon & Royce and F. John Royce for Defendant and Appellant.

Collins, Hays & Stewart and Walter V. Hays for Plaintiff and Respondent.

MOLINARI, P. J.—A jury having awarded plaintiff $7,000 damages for injuries sustained by him in an accident which occurred as he was alighting from defendant's automobile, defendant appeals from the judgment entered upon that verdict and from the trial court's order denying his motion for judgment notwithstanding the verdict.[1] Defendant's contentions on appeal are two-fold, first that the trial court erred in denying defendant's motion for a nonsuit, which motion was based on the ground that plaintiff's recovery was barred as a matter of law by the automobile guest statute (Veh. Code, § 17158);[2] and second, in the alternative, that the trial court,

[1]Defendant's appeal also purports to be from the trial court's order denying his motion for a new trial. This order is nonappealable; however, its propriety may be reviewed on an appeal from the judgment. (Code Civ. Proc., §§ 963, 956; *Litvinuk* v. *Litvinuk*, 27 Cal.2d 38, 42 [162 P.2d 8]; *Richards* v. *Gemco*, 217 Cal.App.2d 858, 859 [32 Cal.Rptr. 65], fn. 1.)

[2]Veh. Code, § 17158, known as the guest statute, provides as follows: "No person riding in or occupying a vehicle owned by him and driven by another person with his permission and no person who as a guest accepts a ride in any vehicle upon a highway without giving compensa-

in instructing the jury in terms of the guest statute, should have given an instruction requested by defendant defining certain language of the guest statute.

### The Record

At the time of the accident plaintiff and defendant were co-employees. Although plaintiff customarily rode a bus home from work, on several occasions when he was delayed at work and thus missed his regular bus, defendant gave him a ride to the intersection of Lincoln Avenue and Willow Street in San Jose, where plaintiff could catch a bus. This ride, which took a course west along Willow, always terminated at the Lincoln intersection; however, depending upon whether the traffic light for westbound traffic on Willow was green or red as defendant approached the intersection, plaintiff would either get out of defendant's automobile before or after it had crossed the intersection.

Defendant gave plaintiff such a ride from work on July 29, 1964, and since the light on Willow was green as defendant approached the Lincoln intersection, defendant proceeded through the intersection to the far side. Once on the far side of the intersection defendant brought his automobile to a stop partly adjacent to a service station driveway which was approximately 30 feet from the intersection.[3] At this time plaintiff opened the car door, put his right foot on the ground outside the car, and swung around on the seat so that most of his weight was on his right foot and he was looking back through the rear window of the car in a southeasterly direction. While plaintiff was thus in a continuous motion of pulling himself out of the automobile, defendant, not realizing that plaintiff had put his foot outside the car, drove the car forward in order to clear the service station driveway and to allow southbound traffic on Lincoln to make a right turn onto Willow.[4] This movement of the car caused plaintiff's foot to be caught between the running board of the car and the curb on the far side of the service station driveway. Despite the

tion for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the owner or guest during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or willful misconduct of the driver.''

[3]The evidence is in conflict as to the exact position of defendant's car at the time he first brought it to a stop on the far side of Lincoln and also after he subsequently moved it forward.

[4]See fn. 3, *supra.*

fact that plaintiff was able to release his foot seconds later, he allegedly suffered injuries to his foot as a result of the incident.

The evidence was conflicting as to the duration of the automobile's pause at the time plaintiff first opened the car door and put his foot on the ground. The service station attendant who witnessed the accident testified that the car never stopped at all, but that plaintiff put his foot outside the car while the car was still moving. On the other hand, plaintiff testified that the car came to a complete stop and that the time that elapsed after it came to a stop and before it started to move again was "more than a second, but not over five seconds." Defendant similarly testified that the car stopped for "a few seconds." In addition, plaintiff testified that at the time of the accident more of his body was out of the car than inside it and that only about one-half of the left side of his seat and leg still remained on the seat.

## The Applicability of the
## Guest Statute

At the conclusion of plaintiff's case, defendant moved for a nonsuit on the basis that the guest statute applied as a matter of law and that since there was no evidence of wilful misconduct on the part of defendant plaintiff was precluded from recovering in this action.[5] The trial court agreed that there was no evidence of wilful misconduct but ruled that the guest statute was inapplicable as a matter of law because plaintiff's testimony indicated that at the time of the accident he was in the process of alighting from defendant's automobile and most of his weight was outside the car. At the conclusion of the trial, however, the court, apparently having changed its opinion that the guest statute was inapplicable as a matter of law, instructed the jury in terms of the guest statute, further instructed them as follows: "A basic issue to be determined by you in this case is whether plaintiff Harmon B. Campbell was a guest in defendant Kenneth Adams' vehicle at the time of the accident in question. This issue is termed a basic one because, if you find that plaintiff was a guest, then your verdict must be for the defendant. If you find that plaintiff was not a guest, then you must proceed to

---

[5]Plaintiff's complaint contained two counts containing identical allegations except that in the first he alleged simple negligence on the part of defendant and in the second wilful misconduct. The complaint does not allege that defendant was intoxicated nor was there any evidence introduced to this effect.

consider the issues of negligence, contributory negligence and proximate cause,'' and finally instructed them that whether or not the guest statute applied depended upon whether or not plaintiff's injury was sustained ''during the ride.'' Defendant contends that the guest statute applies as a matter of law in the instant case and that on the basis of this statute the trial court should have granted defendant's motion for a nonsuit, there being no evidence of wilful misconduct on the part of defendant.

To begin with we point out that plaintiff concedes that the record in the instant case clearly reveals that plaintiff was a guest in defendant's automobile, within the meaning of Vehicle Code section 17158, at the outset of the trip from work on July 29, 1964. Moreover, since the instant case was not tried on the theory that the injury to plaintiff resulted from defendant's intoxication and since the trial court ruled as a matter of law that the evidence was insufficient to show wilful misconduct on the part of defendant, it is apparent that defendant was entitled to a nonsuit unless at the time of the accident plaintiff's status as a guest in defendant's car had terminated.

The question of when the guest-host relationship terminates within the meaning of the guest statute has been considered in two California cases, namely, *Prager* v. *Isreal* (1940) 15 Cal. 2d 89 [98 P.2d 729], and *Boyd* v. *Cress* (1956) 46 Cal.2d 164 [293 P.2d 37]. In *Prager* the defendant took plaintiff for a ride to the beach. There the two moved to the back seat of the defendant's automobile to eat lunch. Sometime later they decided to resume their ride. Accordingly, the plaintiff, who was seated on the right side of the rear seat, started to leave the car on that side in order to resume her position in the front seat. At the same time the defendant alighted on the left side to resume his position as driver. As the plaintiff had one foot on the ground and the other on the running board, the car moved forward, throwing the plaintiff to the ground and causing her to sustain injuries. On the basis of these facts the plantiff brought an action against the defendant to recover damages for her injuries on the theory that the defendant was negligent in failing to set and apply the brakes in the automobile. The jury returned a verdict for the plaintiff and the defendant subsequently appealed, his principal contention being that a guest-host relationship existed between the plaintiff and the defendant and that therefore the trial court erred in refusing to instruct the jury in terms of section 141¾ of the

California Vehicle Act, which, as in effect at the time of the accident, provided in pertinent part as follows: "Any person who as a guest accepts a ride in any vehicle, moving upon any of the public highways of the State of California, and while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle." In affirming the judgment on the basis that the guest statute did not apply to the facts of the case, the Supreme Court, after noting that the guest statute must be strictly construed and that cases ought not to be held within the provisions of such statute "unless it clearly appears that it should be so determined," held that the plaintiff was not a guest at the time of her injury because all of the conditions of the guest statute had not been met, those conditions being: "when a guest accepts a ride in any vehicle *'moving upon a public highway,'* and receives or sustains an injury 'while so riding as such guest.'" (P. 93.) In relation to the condition that the injury be sustained while "riding," the court said, "We are likewise of the opinion that a person alighting from an automobile, who is in a position with one foot on the ground and the other on the running board when it so moves cannot be said to be 'riding' in said automobile within the meaning of said statute." (P. 94.)

Before proceeding to a consideration of the *Boyd* case, we discuss briefly the case of *Smith* v. *Pope*, 53 Cal.App.2d 43 [127 P.2d 292], which cited and relied upon the *Prager* case in determining when the guest-host relationship begins. In *Smith* the plaintiff was thrown to the ground when the defendant's car jerked forward as the plaintiff was in the process of entering the car. At the time of the accident the plaintiff had grasped the door handle on the side of the car opposite the driver and had one foot on the ground and one foot in the air but not yet on the running board. On appeal from the judgment in favor of the plaintiff the defendant contended that the plaintiff was precluded from recovering from the defendant on the basis that as a matter of law the plaintiff was a guest at the time of the accident. The appellate court rejected this contention and affirmed the judgment of the trial court on the theory that the guest statute was not applicable to the facts in the case before it because the plaintiff was not riding in the defendant's automobile at the time of the accident. In so holding, however, the court noted that the guest statute which was applicable in the *Prager* case had been repealed

and re-enacted as Vehicle Code section 403 and that the language of the former section "moving upon any of the public highways" and "while so riding" had been deleted from the new Vehicle Code section, which provided in relevant part as follows: "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride . . . has any right of action for civil damages against the driver of such vehicle . . . on account of personal injury to . . . such guest during such ride. . . ."[6] After stating that under the said statute there were two conditions for exemption from liability, that is, (1) a guest shall accept a ride in any vehicle, and (2) the injury must occur during such ride, the reviewing court noted that the phrase "during such ride" contemplates that the ride must have actually commenced and includes "all the time elapsed from the time of entering the vehicle, and while so continuing such occupancy, until the journey's end." (P. 47.)

Turning to the *Boyd* case we note that the facts in that case were as follows: While the plaintiff and the defendant were taking a trip in the latter's automobile the defendant decided to stop momentarily to examine the tires and to stretch and relax. Accordingly, the defendant steered his automobile to the side of the highway and brought it to a stop. At this time the plaintiff stepped out of the car, leaving the right door in a "locked open" position. While the plaintiff was standing next to the door outside of the car he was struck by the door when the car suddenly rolled backward a few feet. From a judgment in favor of the plaintiff the defendant appealed, contending that the plaintiff was a guest within the meaning of Vehicle Code section 403 at the time of the accident. The Supreme Court affirmed the judgment, holding that because the plaintiff was "entirely removed" from the defendant's car at the time of the accident his status as a guest had terminated. In reaching this conclusion the Supreme Court stated that in order for the guest statute to apply "it must appear (1) that the plaintiff accepted a 'ride' as a guest, (2) that the ride was 'in' a vehicle upon a highway, and (3) that death or injury was suffered by the guest 'during such a ride.' The defendant is entitled to the protection of the statute only if all of the foregoing requirements are satisfied." (P. 166.) Accordingly, the Supreme Court proceeded to consider whether the plaintiff in the case before it sustained his

---

[6]This section is the immediate predecessor of Veh. Code, § 17158.

injuries "during such ride." In this regard the court cited the *Prager* and *Smith* cases for the proposition that "being in or upon the vehicle at the time of the accident is a necessary element of the 'ride.'" (P. 166.) Although *Boyd* took cognizance of the holding in *Prager* that "'. . . a person alighting from an automobile, who is in a position with one foot on the ground and the other on the running board when it so moves cannot be said to be "riding" in said automobile . . . ,'" it articulated the rule "that the protection of the guest statute extends only to injuries suffered 'during the ride' in the sense that the plaintiff remained *in or upon* the vehicle at the time of the accident. After the guest *steps out* of the automobile, he enters into a pedestrian or other nonguest status. He not [*sic*] longer occupies the host's property or enjoys his hospitality. It is not important that the parties' intentions indicate that the plaintiff's nonguest status will exist only for a momentary interlude. ██ When he *departs* from the host's automobile, even momentarily, the 'guest' is entitled to hold the host-driver to the same standard of conduct as a stranger." (Italics added.) (Pp. 166-167.)

Finally, we note the cases of *Frankenstein* v. *House,* 41 Cal.App.2d 813 [107 P.2d 624], *Panopulos* v. *Maderis,* 47 Cal. 2d 337 [303 P.2d 738], and *Trigg* v. *Smith,* 246 Cal.App.2d 510 [54 Cal.Rptr. 858]. In each of these cases it was held that the guest-host relationship was not broken where the automobile was stopped; the driver had temporarily gotten out of the vehicle, but the guest remained therein; and thereafter, the automobile moved and as a result of such movement caused the guest to be injured.

In *Trigg,* the plaintiff-guest was injured under the following circumstances: The automobile in which the plaintiff had accepted a ride from the defendant-host was brought to a stop by the defendant across the street from the plaintiff's home; the plaintiff and the defendant talked for a few minutes and then the defendant stepped out of the car, leaving the motor running and the transmission in the drive position without setting the emergency brake; the plaintiff moved across the seat in order to get out on the driver's side; as she reached the vicinity of the steering wheel the car lurched forward, and after traveling approximately 120 feet, struck a tree. Under these circumstances, the appellate court, relying upon *Boyd,* held that the plaintiff was still a guest when she was injured and, after noting that the term "ride" as used in Vehicle Code section 17158 has a broad connotation, stated as

764

follows: ". . . the concept of the beginning of a ride is when a guest enters an automobile, and the concept of the end of the ride is when the guest *leaves* the automobile and *alights* once more upon the ground." (Italics added.) (P. 586.)

Turning to the instant case in the light of the foregoing authorities, we conclude that the trial court could not determine as a matter of law that plaintiff was or was not a guest in defendant's automobile at the time of his accident and, therefore, properly left the issue to the jury. The record discloses that plaintiff testified that at the time of the accident about one-half of the left side of his seat and leg remained in the car, that more of his body was out of the car than inside it, and that his right foot was on the ground with most of the weight of his body upon that foot. While this evidence might support an inference that plaintiff was "in or upon" the vehicle at the time of the accident to warrant the conclusion that his injuries were suffered "during the ride" under the rule articulated in *Boyd*, the inference was equally justified under the *Boyd* rule that plaintiff had stepped out of the vehicle and had alighted on the ground so as to warrant the conclusion that plaintiff had departed from his host's automobile and thus became a nonguest. Of particular significance, and lending persuasion to the conclusion that under all of the circumstances this is a "fact case," is the conflicting testimony as to the duration of the automobile's pause at the service station driveway. Plaintiffs testimony that the car came to a complete stop and that it was "more than a second, but not over five seconds" before it started to move again, coupled with his testimony that more of his body was outside rather than inside the car and that his right foot was on the ground with most of his weight on it, would warrant the inference that plaintiff was no longer riding in the automobile and that his injuries were not suffered "during the ride" within the meaning of the guest statute, particularly in the light of the well-established principle that such statute must be strictly construed.

We are of the opinion, moreover, that the statement in *Boyd* that "the protection of the guest statute extends only to injuries suffered 'during the ride' in the sense that the plaintiff remained in or upon the vehicle at the time of the accident" (p. 167) does not set up a rigid and inflexible "in or upon the vehicle" test. This conclusion is apparent from the language which immediately follows this statement to the effect that after a guest "steps out" of the automobile he

enters a nonguest status, and the recognition in *Boyd* of the statement in *Prager* "that a person alighting from an automobile, who is in a position with one foot on the ground and the other on the running board when it so moves cannot be said to be 'riding' in said automobile within the meaning of the statute." (46 Cal.2d at p. 166.)

It is equally clear that it does not follow from the fact that a person is "in or upon" a vehicle that he is necessarily a guest. Accordingly, it has been held that an involuntary occupant of an automobile is not a guest. (*Rocha* v. *Hulen*, 6 Cal.App.2d 245, 253-254 [44 P.2d 478].) This last cited case, in construing the meaning and intent of the guest statute stated as follows: "This section calls for some specific and voluntary action on the part of a person who becomes an occupant of the vehicle moving upon the public highways of the state involved in the accident, resulting in an injury to such occupant. To be a guest one must have accepted the ride in the vehicle involved. We think this imports both a knowing and a voluntary acceptance, and does not include either involuntary or a forced ride." (P. 252.) As suggested in *Hulen* the host-guest relationship requires some sort of consensual relationship and its existence depends to some degree upon the intention of the parties.[7] Naturally, when a person accepts a ride this consent, unless there are indications to the contrary, continues "during the ride." However, situations are conceivable where the status of the rider changes from that of a voluntary passenger to that of one undergoing an involuntary or forced ride even though the rider remains physically present in the vehicle.

In the present case, the evidence permits the inference that defendant's car had stopped and that plaintiff by starting to alight, considered the journey at an end. On the other hand, the evidence is also susceptible to the inference that plaintiff was not warranted in considering the ride at an end since there was evidence that defendant did not in fact stop the automobile and that plaintiff put his foot outside the car while the car was still moving. The foregoing considerations are persuasive to the conclusion that the trial court correctly left the issue whether the accident occurred "during the ride" to the jury. In reaching this conclusion we are satisfied

---

[7]The element of intention is recognized in *Boyd* v. *Cress*, 46 Cal.2d 164, 167 [293 P.2d 37], where the court, in discussing the nonguest status of a rider who steps out of an automobile, stated: "It is not important that the *parties' intentions* indicate that the plaintiff's nonguest status will exist only for a momentary interlude." (Italics added.)

that, under circumstances such as exist in this case, the status of the rider when he is alighting from an automobile should not be determined as a matter of law on the basis of after-the-fact judgments as to the number of cubic inches a person's anatomy was in or out of the automobile or upon speculative attempts to ascertain just where the person's center of gravity was at the time of the accident.

### The Proffered Instruction

██ Defendant offered an instruction couched in the language of the *Boyd* case, as follows: "The protection of the 'guest statute', C.V.C. 17158, just read to you, extends only to injuries suffered 'during the ride' in the sense that the plaintiff remained in or upon the vehicle at the time of the accident." He contends that it was error to refuse to give this instruction. As already pointed out above in our discussion of this very language of the *Boyd* case it does not necessarily follow that a person who is "in or upon" a vehicle is a guest. Moreover, the proposed instruction was misleading since it could be interpreted by the jury to mean that if any part of plaintiff's anatomy was in or upon the automobile he was a guest. Additionally, the proffered instruction was incomplete since it did not include for the jury's consideration the question as to whether plaintiff had "stepped out" of or "departed" from his host's automobile. These elements were recognized by *Boyd* as vital and pertinent to an "alighting from an automobile" situation. Accordingly, since it is well settled that it is not error for the trial court to refuse a proposed instruction which is incomplete or misleading (*Pobor* v. *Western Pac. R.R. Co.*, 55 Cal.2d 314, 324 [11 Cal. Rptr. 106, 359 P.2d 474]; *Alvarez* v. *Felker Mfg. Co.*, 230 Cal.App.2d 987, 1001 [41 Cal.Rptr. 514]), and that the trial court is not required to correct, modify or edit an incomplete proposed instruction (*Pemberton* v. *Ince Bros. etc. Constr. Co.*, 208 Cal.App.2d 167, 174 [25 Cal.Rptr. 38]; *Alvarez* v. *Felker Mfg. Co.*, *supra*), the court below was justified in rejecting the proposed instruction.

The appeal from the order denying the motion for new trial is dismissed. The order denying the motion for judgment notwithstanding the verdict and the judgment are affirmed.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied June 1, 1967, and appellant's petition for a hearing by the Supreme Court was denied July 5, 1967. Sullivan, J., did not participate therein.